UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ROBERT HARVEY ET AL.**                         **CIVIL ACTION**

**VERSUS**                                            **NO: 22-4049**

**CERTAIN UNDERWRITERS AT**             **SECTION: "H"**
**LLOYD'S, LONDON ET AL.**

## ORDER AND REASONS

Before the Court is Defendants' Motion to Compel Arbitration and to Stay, or Alternatively, Dismiss (Doc. 13). For the following reasons, this Motion is **GRANTED.**

## BACKGROUND

Plaintiffs, Robert Harvey Jr., Jane Harvey, and Louisiana Medical Management Corporation allege that Defendants Certain Underwriters at Lloyds, London and Other Insurers Subscribing to Binding Authority No. B6045105686220211 and Independent Specialty Insurance Company breached their insurance policy ("the Policy") and acted in bad faith in failing to provide coverage for damages sustained to their property during Hurricane Ida.[1]

---

[1] The Court notes that the parties have not opted out of the Court's Hurricane Ida Streamlined Settlement Program ("SSP"), suggesting that they have elected to participate in the two-staged settlement process created therein. However, other sections of this Court have allowed parties to move for arbitration despite failing to opt out of the SSP, holding that requiring the parties "to abide by the SSP will hinder rather than promote the swift and just resolution of this matter." 419 Carondelet, LLC v. Certain Underwriters at Lloyd's, London, No. CV 22-4311, 2023 WL 143318, at *2 (E.D. La. Jan. 10, 2023). This Court agrees.

Defendants have moved to compel arbitration of this dispute pursuant to an arbitration agreement in the Policy. Plaintiffs have not filed an opposition to this Motion. The Court may not, however, simply grant the instant Motion as unopposed. The Fifth Circuit approaches the automatic grant of dispositive motions with considerable aversion.[2] Instead, the Court will consider the Motion's merits.

## LEGAL ANALYSIS

Defendant argues that the arbitration clause at issue is enforceable under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the Convention") and the FAA. The United States joined the Convention in 1970.[3] The Supreme Court has explained that "[t]he goal of the Convention was to encourage the recognition and enforcement of commercial arbitration agreements in international contracts and to unify the standards by which agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries."[4] The Convention applies to arbitration agreements between citizens of nations that are signatories to the Convention. The United States and England are signatories.

Under the Convention, courts "[s]hould compel arbitration if (1) there is an agreement in writing to arbitrate the disputes, (2) the agreement provides for arbitration in the territory of a Convention signatory, (3) the relationship

---

[2] *See, e.g.*, Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc., 702 F.3d 794, 806 (5th Cir. 2012); Johnson v. Pettiford, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam); John v. State of Louisiana (Bd. of Trs. for State Colls. and Univs.), 757 F.2d 698, 709 (5th Cir.1985).

[3] Todd v. Steamship Mut. Underwriting Ass'n (Bermuda) Ltd., 601 F.3d 329, 332 n.4 (5th Cir. 2010). Where applicable, the Convention supersedes state law. *See* McDonnel Grp., LLC v. Great Lakes Ins. Se., 923 F.3d 427, 431–32 (5th Cir. 2019); Aggarao v. MOL Ship Mgmt. Co., Ltd., 675 F.3d 355, 366 (4th Cir. 2012).

[4] Authenment v. Ingram Barge Co., 878 F. Supp. 2d 672, 676 (E.D. La. 2012) (quoting Scherk v. Alberto–Culver Co., 417 U.S. 506, 520 n.15 (1974)).

arises out of a commercial legal relationship, and (4) a party to the agreement is not an American citizen."[5] If these four requirements are met, "the Convention requires the district court [ ] to order arbitration . . . unless it finds that said agreement is null and void, inoperative or incapable of being performed."[6]

> The arbitration provision at issue provides in relevant part that:
>
> All matters in dispute between you and us (referred to in this policy as "the parties") in relation to this insurance, including this policy's formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner described below.[7]

It directs that any arbitration hearing shall take place in Nashville, Tennessee.

Accordingly, the four requirements of the Convention are met. First, there is a written agreement to arbitrate contained in the Policy. Second, the provision provides for arbitration in Tennessee, which is within a signatory country.[8] Third, the insurance agreement arises out of a commercial legal relationship between Plaintiffs and Defendants. And fourth, Defendants allege that two of the members subscribing to the Policy through the Lloyd's of London insurance market, RenaissanceRe Corporate Capital (UK) Limited and RenaissanceRe Specialty U.S. LTD, are citizens of England and Wales.[9] Finally, Plaintiffs' breach of contract and bad faith claims fall squarely within the scope of the Policy's arbitration agreement.[10] Because the four

---

[5] *Francisco v. Stolt Achievement MT,* 293 F.3d 270, 273 (5th Cir. 2002).

[6] *Freudensprung v. Offshore Technical Servs., Inc.,* 379 F.3d 327, 339 (5th Cir. 2004).

[7] Doc 1-2 at 37.

[8] *Freudensprung,* 379 F.3d at 339.

[9] *See* 1010 Common, LLC v. Certain Underwriters at Lloyd's, London, No. CV 20-2326, 2020 WL 7342752, at *5 (E.D. La. Dec. 14, 2020) ("A commercial agreement that involves at least one party who is not a U.S. citizen or property located abroad, envisage performance abroad, or have some other reasonable relationship with one of more foreign states is deemed to fall under the Convention.").

[10] *See* Woodward Design + Build, LLC v. Certain Underwriters at Lloyd's London, No. CV 19-14017, 2020 WL 5793715, at *4 (E.D. La. Sept. 29, 2020).

requirements of the Convention are met and there has been no suggestion that the "agreement is null and void, inoperative or incapable of being performed," the Court must order arbitration.

Defendants have asked the Court to stay this matter pending arbitration. Pursuant to 9 U.S.C. § 3, the Court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." Accordingly, this matter must be stayed pending resolution of the arbitration proceedings.

## CONCLUSION

Based on the foregoing, the Motion to Compel Arbitration is **GRANTED. IT IS ORDERED** that matter is **STAYED** and **ADMINISTRATIVELY CLOSED** pending the resolution of the arbitration proceedings.

New Orleans, Louisiana this 6th day of June, 2023.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**